IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JUAN CARLOS OCON-PARADA,

    Petitioner,

v.                                                                                     Civil Action No. 3:09cv87

S.K. YOUNG,

    Respondent.

## MEMORANDUM OPINION

Petitioner Juan Carlos Ocon-Parada,[1] a Virginia state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition").[2] Ocon-Parada argues that his plea was unknowing and involuntary as a result of ineffective assistance of

---

[1] Given the numerous filings by the parties, it is appropriate to provide a preliminary summary of some of the abbreviations the Court will employ when referring to the parties' submissions: Petr.'s Br. Supp. § 2254 Habeas Corpus Pet. ("Petr.'s § 2254 Br.") (Docket No. 2); Petr.'s Resp. to Respt.'s Rule 5 Answer & Mot. Dismiss ("Petr.'s Resp.") (Docket No. 18); Respt.'s All-Inclusive Br. Supp. Mot. Dismiss ("Respt.'s Br.") (Docket No. 24); Respt's Br. Ex. 1 ("State Habeas Pet."); Petr.'s Br. Supp. Allegation of Denial of Access to Law Library or Inst'l Atty. ("Petr.'s Law Library Br.") (Docket No. 26); Petr.'s Am. Br. Supp. Equitable Tolling ("Petr.'s Equitable Tolling Br.") (Docket No. 27); and Petr.'s Mem. Opp'n Respt.'s Converted Mot. Summ. J. ("Petr's Opp'n Summ. J.") (Docket No. 34.) The state criminal record reflects that Petitioner's last name is spelled "Ocon-Parada" rather than "Ocan-Parada." Accordingly, the Court will employ the spelling from his criminal record when referring to Petitioner.

[2] The statute states, in pertinent part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

counsel. Respondent filed a motion to dismiss (Docket No. 7) and appropriate *Roseboro*[3] notice (Docket No. 10). On November 12, 2009, this Court entered an Order directing Respondent to submit an all-inclusive brief and corresponding motion to dismiss addressing Ocon-Parada's access to a law library or legal assistance while detained at the Alexandria Detention Center ("ADC"). (Docket No. 19.) The Court also ordered Ocon-Parada to file a brief addressing this issue. Respondent then filed his All-Inclusive Motion to Dismiss (Docket No. 23), and Ocon-Parada filed a brief to comply with the Court's order (Docket No. 26) and an additional brief in support of equitable tolling (Docket No. 27).

Because Respondent included an affidavit in support of his All-Inclusive Motion to Dismiss, by Memorandum Order entered April 22, 2010, the Court converted the All-Inclusive Motion to Dismiss into a motion for summary judgment and provided Ocon-Parada with an opportunity to submit appropriate evidence in opposition to the motion for summary judgment. On June 9, 2010, Ocon-Parada filed his opposition to Respondent's motion for summary judgment. (Docket No. 34.) This matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 636(c) and 2254.

## I. Factual and Procedural Background

On December 19, 2006, in the Circuit Court for the City of Alexandria ("Circuit Court"), Ocon-Parada entered an *Alford*[4] plea and was convicted of second degree murder. (Respt.'s Br. Ex. 2, Ex. A.) The Circuit Court sentenced Ocon-Parada to twenty years imprisonment. (State Habeas Pet. Ex. B ("Sentencing Order").) The Circuit Court suspended all but eight and one-half

---

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[4] *North Carolina v. Alford*, 400 U.S. 25 (1970).

years of that term of imprisonment. (Sentencing Order.) Ocon-Parada did not appeal his conviction or his sentence.

On October 6, 2008, Ocon-Parada filed a petition for writ of habeas corpus with the Supreme Court of Virginia. Ocon-Parada claimed that his counsel misrepresented that if Ocon-Parada accepted the plea agreement, his daughter would be returned to her mother and he could maintain communications with the child. (State Habeas Pet. 8.) On June 3, 2009, the Supreme Court of Virginia dismissed Ocon-Parada's petition. (Respt.'s Br. Ex. 3 (*Ocon-Parada v. Warden, Pocahontas State Corr. Ctr.*, Record No. 082050 at 1 (Va. June 3, 2009)).)

On February 9, 2009, Ocon-Parada filed his present § 2254 Petition.[5]

## II. Claim for § 2254 Relief

Ocon-Parada contends his counsel was ineffective in explaining the plea agreement, and that counsel's erroneous advice prejudiced his ability to make a knowing, voluntary, and intelligent plea. (Pet.'s § 2254 Br. ¶¶ 7, 9-10.) Specifically, Ocon-Parada contends: "Petitioner's *Alford* plea was not voluntary because trial counsel was ineffective when he promised that if Petitioner accepted the Plea Agreement, his daughter would be returned home to his wife and he could resume communications with her." (Petr.'s § 2254 Br. 3 (capitalization corrected).) Respondent contends that Ocon-Parada's § 2254 Petition is barred by the federal statute of limitations for § 2254 petitions. For the reasons stated below, the Court finds Ocon-Parada's § 2254 Petition is barred by the statute of limitations.

---

[5] The Court considers a prisoner's habeas petition filed on the date he delivers his petition to prison authorities for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Ocon-Parada declared that he placed his federal petition in the prison mailing system on February 9, 2009. (§ 2254 Pet. 15.)

3

## III. Analysis

### A. Statute of Limitations for § 2254 Petitions

A one-year statute of limitations applies to any petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). Specifically, 28 U.S.C. § 2244(d) reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Ocon-Parada's § 2254 Petition Is Untimely Under the Statute of Limitations

On December 21, 2006, the Circuit Court entered final judgment on Ocon-Parada's conviction and sentence. Hence, Ocon-Parada's conviction became "final" for purposes of 28 U.S.C. § 2244(d)(1)(A), on Monday, January 22, 2007, the last date he could have pursued an

appeal to the Court of Appeals of Virginia. *See* Va. Sup. Ct. R. 5A:6(a);[6] *McAfee v. Angelone*, 87 F. Supp. 2d 605, 606 (W.D. Va. 2000). Ocon-Parada therefore had one year, or until Tuesday, January 23, 2008, to file any federal habeas challenge to his conviction or sentence.[7] 28 U.S.C. § 2244(d)(1)(A). Because Ocon-Parada failed to file his § 2254 Petition until February 9, 2009, it is barred by the statute of limitations unless Ocon-Parada shows he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling.

Ocon-Parada argues that he is entitled to a belated commencement of the limitation period pursuant to 28 U.S.C. § 2244(d)(1)(B) and equitable tolling. These arguments are rejected for the reasons that follow.

### C. Ocon-Parada Is Not Entitled to a Belated Commencement for a State-Created Impediment

The pertinent statutory provision provides for belated commencement of the limitations period to "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). "To delay the running of the statute of limitations, § 2244(d)(1)(B) requires [1] state action that both

---

[6] "No appeal shall be allowed unless, within 30 days after entry of final judgment . . . counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals." Va. Sup. Ct. R. 5A:6(a) (West 2010).

[7] Because the federal statute of limitation already had expired when Ocon-Parada filed his state petition for a writ of habeas corpus with the Supreme Court of Virginia, that petition did not toll the limitation period under 28 U.S.C. § 2244(d)(2). *See Deville v. Johnson*, No. 1:09cv00072, 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (explaining that because the limitation period had expired, there was no period to be tolled (*citing Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))).

5

[2] 'violat[ed] ... the Constitution or laws of the United States' and [3] 'prevented [the prisoner] from filing'" a habeas petition. *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331-32 (11th Cir. 2008) (non-numerical alterations in original) (*citing* 28 U.S.C. § 2244(d)(1)(B)), *cert. denied*, 129 S. Ct. 348 (2008). For example, "a state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement, [such as] a copy of the very statute that is being used to render [the petitioner's] petition time-barred, [may] constitute[] an 'impediment' for purposes of invoking § 2244(d)(1)(B)." *Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003). Conversely, state case law which makes pursuit of a double jeopardy claim futile in state court does not constitute an impediment to filing an application for habeas relief within the meaning of § 2244(d)(1)(B). *See Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000). As explained below, despite his many arguments to the contrary, Ocon-Parada fails to demonstrate that he is entitled to a belated commencement of the limitation period under § 2244(d)(1)(B).

### 1. <u>Virginia's Statute of Limitations for State Habeas Petitions</u>

Ocon-Parada claims that Virginia's statute of limitations for filing state habeas petitions[8] is an unconstitutional impediment because it is misleading in light of the fact that it is not the same as 28 U.S.C. § 2244(d). (Petr.'s Resp. ¶ 8.) Specifically, Ocon-Parada contends that section 8.01-654(A)(2) of the Virginia Code violates the Equal Protection Clause of the

---

[8] "A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code. Ann. § 8.01-654(A)(2).

Fourteenth Amendment "because it deceives a defendant into missing his federal deadline." (Petr.'s Resp. ¶ 6.)[9] This argument lack merit.

First, Ocon-Parada fails to advance any plausible argument that Virginia's longer statute of limitations for applications for habeas relief violates the Constitution or laws of the United States. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (rejecting arguments that Oregon's two-year state habeas statute of limitations period renders § 2244(d)(1) unconstitutional). *Cf. Sheppard v. Early*, 168 F.3d 689, 692-93 (4th Cir. 1999) (rejecting inmate's claim that Virginia statute that set his execution date prior to the expiration of his time to file for a petition for a writ of certiorari with the Supreme Court of the United States denied him equal protection).

Second, Ocon-Parada must show that he "was prevented from *filing* by" the alleged unconstitutional impediment, which he cannot do. 28 U.S.C. § 2244(d)(1)(B) (emphasis added). Ocon-Parada essentially claims that his misunderstanding of the law and his obligation to exhaust state remedies should forestall the commencement of the federal statute of limitations. These circumstances, however, did not prevent Ocon-Parada from filing a federal habeas action. *See Ferguson*, 321 F.3d at 823. Because ignorance or confusion about the functioning of the federal statute of limitations does not qualify as an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States," Ocon-Parada's argument for a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)

---

[9] Initially, Ocon-Parada also claimed that § 8.01-654(A)(2) was unconstitutional because "it is only applicable to defendants who plead guilty and . . . waive their right to appeal." (Petr.'s Resp. ¶ 6.) In his most recent submissions, Ocon-Parada explicitly "abandon[ed]" that argument. (Petr.'s Opp'n Mot. Summ. J. 9-10.)

7

is rejected.[10] *Cf. United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (finding petitioner is not entitled to equitable tolling because his "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control").

### 2. Failure to Timely Transfer Ocon-Parada to a State Correctional Facility

Next, Ocon-Parada alleges that the failure to timely transfer him from the ADC to a state correctional facility, as required by section 53.1-20(B) of the Virginia Code,[11] constituted a state impediment to timely filing of his § 2254 Petition. (Petr.'s Law Library Br. ¶ 6.) According to Ocon-Parada, he was continuously held in the ADC without access to an institutional attorney or a law library for a total of almost fourteen months from December 21, 2006, until February 1, 2008, when he was transferred to Powhatan Reception Center. (Petr.'s Resp. ¶ 9.) It is well-settled that a failure to comply with the procedures set forth in section 53.1-20(B) of the Virginia Code does not violate a prisoner's constitutional rights. *Counts v. Newhart*, 951 F. Supp. 579,

---

[10] Moreover, the Supreme Court has explained that where a petitioner has reasonable confusion about his obligation to exhaust his state remedies, but was concerned about the running of the federal statute of limitations, the petitioner should file a "'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (*citing Rhines v. Weber*, 544 U.S. 269, 278 (2005)).

[11] The statute provides:

Persons convicted of felonies committed on or after January 1, 1995, and sentenced to the Department or sentenced to confinement in jail for a year or more shall be placed in the custody of the Department and received by the Director into the state corrections system within sixty days of the date on which the final sentencing order is mailed by certified letter or sent by electronic transmission to the Director by the clerk.

Va. Code Ann. § 53.1-20(B) (West 2010).

584 (E.D. Va. 1996) ("[I]t is clear that the Due Process Clause does not create any right to be transferred from local jail to state prison."). Accordingly, Ocon-Parada fails to demonstrate that the delay in his transfer to a state correctional facility violated the Constitution and warrants a belated commencement of the limitations period.

### 3. Virginia's Failure to Provide Counsel to Assist Inmates Incarcerated in Local Jails

Ocon-Parada also asserts that section 53.1-40 of the Virginia Code[12] created a state impediment to timely filing when Virginia failed to provide him with assistance from an attorney during his incarceration at ADC. (Petr.'s Law Library Br. ¶ 4.) Standing alone, the lack of such an attorney does not violate the Constitution because Ocon-Parada has no constitutional right to counsel in habeas corpus proceedings in either state court or federal court. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings."); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995).

It is true that, as a prisoner, Ocon-Parada does have a "constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Correctional officials may satisfy their

---

[12] The statute provides:

> The judge of a circuit court in whose county or city a state correctional facility is located shall, on motion of the attorney for the Commonwealth for such county or city, when he is requested so to do by the superintendent or warden of a state correctional facility, appoint, for a period of no less than thirty days nor more than one year, one or more discreet and competent attorneys-at-law to counsel and assist indigent prisoners therein confined regarding any legal matter relating to their incarceration.

Va. Code Ann. § 53.1-40 (West 2010). Ocon-Parada alleges ADC is not a state correctional facility within the definition of Va. Code. § 53.1-40 and therefore is exempt from providing an attorney to prisoners. (Petr.'s Law Library Br. ¶ 5.) Respondent concedes that Ocon-Parada did not have access to an institutional attorney at ADC. (Respt.'s Br. 5 n.4.)

9

obligation with respect to this right "by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Id.* at 828 (emphasis added). The ADC provides inmates with a law library. *See infra* Part III.C.4. Ocon-Parada, however, never attempted to use the law library. *See infra* Part III.C.4. The Supreme Court has suggested that permitting a claim of denial of access to the courts to go forward under such circumstances "would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, Ocon-Parada cannot demonstrate his right of access to the Court was violated or that the adequacy of the law library actually prevented him from filing a timely habeas action.

### 4. Access to an Adequate Law Library

Ocon-Parada alleges that he was not provided with access to a law library while he was incarcerated at ADC from December 21, 2006, until his transfer to Powhatan Reception Center on February 1, 2008. (Petr.'s Resp. ¶ 9.) The United States Constitution, however, does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance," *Lewis*, 518 U.S. at 351, but rather a "right of access to the courts." *id.* at 350. Thus, an inmate who claims an inadequate law library violated his right of access to the courts may not prevail "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351. Rather, the inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* Thus, "to invoke § 2244(d)(1)(B)'s tolling provision . . . an inmate must explain how the prison's alleged constitutional deficiencies hindered his efforts to pursue his claim within the prescribed statute of limitations." *Mayes v. Province*, No. 10-6021, 2010 WL 1632905, at *2

(10th Cir. Apr. 23, 2010) (citing cases); *accord Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). With these principles in the mind, the Court evaluates the evidence the parties submitted with respect to Ocon-Parada's access to the law library at the ADC.

### a. Standard for Summary Judgment

Summary judgment must be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted).

When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless, the nonmoving party cannot "'create a genuine issue of material fact through mere speculation or the building of one inference upon another.'" *Emmett v. Johnson*, 532 F.3d 291, 296 (4th Cir. 2008) (*quoting Beale v. Hardy*, 769 F.2d 213,

214 (4th Cir.1985)). Furthermore, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)). At this stage, the Court is tasked with assessing whether Ocon-Parada "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial" or an evidentiary hearing. *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added); *see United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (emphasizing that unsworn argument in a memorandum does not constitute evidence).

In support of his motion for summary judgment, Respondent has tendered, *inter alia*, an affidavit from Captain Lucinda Buker, an employee of the ADC and a portion of the Inmate Handbook for ADC.[13] Ocon-Parada has submitted numerous memoranda and an affidavit. In light of the foregoing principles and submissions, the following facts are established for purposes of Respondent's motion for summary judgment.

### b. Summary of Pertinent Facts

During the time Ocon-Parada was housed at the ADC, a law library was available to him. (Respt.'s Br. Ex. 4 ("Buker Aff.) ¶ 4.) Because Ocon-Parada was housed in general population, he needed only to request access from the housing officer in his unit. (Buker Aff. ¶ 4.) The law-library was located adjacent to Ocon-Parada's unit. (Buker ¶ 4.) Thus, Ocon-Parada would have to walk past the law library to go to the gym and most other locations within ADC. (Buker ¶ 4.)

---

[13] Respondent also submitted some photographs of the ADC. Because the Court does not consider these photographs in making its ruling, the Court declines to address whether the photographs are admissible.

The ADC has no record that Ocon-Parada ever requested to use the law library or complained about being denied access to the law library. (Buker ¶¶ 5-7.)

Respondent further contends that Ocon-Parada was made aware of the existence of the law library and how to access it through the ADC Inmate Handbook. (Buker Aff. ¶ 4; Inmate Handbook (attached to Buker Aff.).) Ocon-Parada disputes this fact and swears "I was never made aware of the existence of a law library, much less how to access or use it." (Petr.'s Opp'n Summ. J. Ex. B ¶ 6.) Ocon-Parada further notes that the Inmate Handbook is written in English, a language that he does not speak or read. (Petr.'s Opp'n Summ. J. 19.)

        c.        **Ocon-Parada Has Failed to Demonstrate that the ADC's Law Library Provides a Basis for a Belated Commencement of the Limitation Period**

Ocon-Parada suggests that Respondent is obliged to detail all of the legal materials available at ADC. (Petr.'s Equitable Tolling ¶¶ 6, 10.) Ocon-Parada is incorrect. The burden of specifying how the deficiencies in legal material prevented the filing of a petition for a writ of habeas corpus lies with the habeas petitioner. *See Finch*, 491 F.3d at 427 (concluding petitioner was not entitled to a belated commencement under § 2244(d)(1)(B) because he "argues inadequacy but fails to 'demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim'" (*quoting Lewis*, 518 U.S. at 351)); *Mayes*, 2010 WL 1632905, at *2 (citing cases). Ocon-Parada has failed to demonstrate, as he must, that any alleged inadequacy of the ADC legal facilities prevented him from filing a petition for a writ of habeas corpus. *See Finch*, 491 F.3d at 427; *Weibly v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) (No. 02-5063) (holding petitioner's argument "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials

impeded his ability to file a federal habeas petition"), *available at* 2002 WL 31478974, at *3.

Indeed, Ocon-Parada has not even demonstrated that he ever requested to use the legal resources available at the ADC.[14] Given these circumstances, Ocon-Parada fails to demonstrate that he is entitled to a belated commencement of the limitation period because of the quality of legal resources at ADC or any alleged lack of access to the same.

### D. Ocon-Parada Is Not Entitled to a Belated Commencement Under 28 U.S.C. § 2244(d)(1)(D)

The AEDPA's statute of limitations may commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). This time period commences "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001). "[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).

---

[14] Ocon-Parada persists that, given his low intelligence, emotional problems, and lack of familiarity with English, it is not his fault that he was unaware that the ADC had a law library. (Petr.'s Opp'n Summ. J. 15-16, 19-20.) Ocon-Parada, however, fails to explain why his intellectual and emotional disabilities would amount to an "impediment to filing an application created by *State action*." 28 U.S.C. § 2244(d)(1)(B) (emphasis added). *Cf. Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (concluding prison officials have "no duty to provide access to legal materials in a prisoner's preferred language.").

14

Ocon-Parada does not argue that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D).[15] It is appropriate to address the issue in light of the ambiguity regarding when Ocon-Parada actually discovered that his guilty plea would not alter the custody arrangements or his ability to communicate with his daughter. In this regard, Ocon-Parada does not suggest that he did not discover until after January 22, 2007[16] that his plea would not alter the custody arrangements for his daughter or his ability to communicate with her. Moreover, as explained below, the Court concludes with the exercise of due diligence Ocon-Parada could have discovered this fact by that date. Therefore, Ocon-Parada is not entitled belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D).

Prior to entry of his plea, under the terms of the then existing custody arrangements, Ocon-Parada apparently had been prohibited from communicating with his daughter. Ocon-Parada claims that his attorney promised "that if he [Parada] accepted the plea agreement, his daughter would be returned home to his wife . . . and that he could resume communications with her." (Petr.'s § 2254 Br. 4 (first alteration in original).) Ocon-Parada claims that he believed this promise by his attorney because a Court Appointed Special Advocate ("CASA") report indicated that final placement of his daughter with her maternal grandmother would occur around January 7, 2007.[17] Ocon-Parada explains that when he accepted the Plea Agreement on December 18,

---

[15] Indeed, Ocon-Parada specifically asserts that § 2244(d)(1)(D) is not relevant to his claims for § 2254 relief. (Petr.'s Opp'n Summ. J. 8-9.)

[16] January 22, 2007 is the date Ocon-Parada's conviction became "final" as that term is defined under 28 U.S.C. § 2244(d)(1)(D).

[17] Ocon-Parada explains that the CASA report, which was dated July 7, 2006, stated that "'Preparations to transfer eventual physical and legal custody of [the child] to her maternal grandmother . . . should continue, conditioned on successful visitations over the next six

2006, he believed he could alter the custody arrangements for his daughter before she was sent to her maternal grandmother in the beginning of January 2007. (Petr.'s § 2254 Br. 4.)

Thus, according to Ocon-Parada's own account, he believed time was of the essence in altering the legal custody arrangements for his daughter. Given these circumstances, due diligence required Ocon-Parada to attempt to contact his wife or personnel at the Alexandria Division of Social Services, in December of 2006 or early January of 2007 to confirm that his *Alford* plea had altered the existing custody plan for his daughter. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (explaining that due diligence "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims" (*citing Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002))); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003) (holding that the limitation period was triggered under § 2244(d)(1)(D) on the date that the inmate could have discovered factual predicate of his claim "through public sources"); *see O'Neal v. South Carolina*, No. 9:08cv00587, 2008 WL 4960423, at *4 (D.S.C. Nov. 20, 2008). Ocon-Parada fails to suggest that he attempted to contact anyone in the month following his plea on December 19, 2006.

Moreover, while it is not clear when the final custody arrangements for the daughter occurred, Ocon-Parada did not have to await those proceedings to test his attorney's promise. Rather, according to Ocon-Parada he believed his plea would allow him to resume contact with his daughter. Thus, Ocon-Parada could have learned that his plea had not altered the arrangements with his respect to his daughter simply by attempting to contact her. Given these

---

months.'" (Petr.'s § 2254 Br. 4). Ocon-Parada cites to page four of the CASA Report in his Brief in Support of his § 2254 Petition; however, the CASA Report was not appended to his § 2254 Petition; it was attached as an exhibit to the State Habeas Petition. State Habeas Pet. Ex. 2.

16

circumstances, Ocon-Parada fails to demonstrate that he is entitled to belated commencement of the limitations period under § 2244(d)(1)(D).

### E. Ocon-Parada Is Not Entitled to Equitable Tolling

The Supreme Court has "made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, __ S. Ct. __, No. 09-5327, 2010 WL 2346549, at *12 (June 14, 2010) (internal quotation marks omitted). Ocon-Parada contends that he is entitled to equitable tolling because the ADC lacked an institutional attorney and adequate legal resources. (Petr.'s Equitable Tolling Br.) Ocon-Parada fails to demonstrate that such circumstances are extraordinary or that he acted with the requisite diligence.

First, because there is no constitutional right to counsel in post-conviction proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987), the mere absence of assistance from counsel is not an extraordinary circumstance. *See Evans v. Johnson*, No. 2:09cv00433, 2010 WL 545393, at *4 (E.D. Va. Feb. 11, 2010) (*citing Finley*, 481 U.S. at 555-56). Second, as discussed previously, Ocon-Parada had access to a law library during his incarceration at ADC. Ocon-Parada's ignorance of that fact is not an extraordinary circumstance that would warrant equitable tolling.[18]

---

[18] In his most recent submission, Ocon-Parada persists that his ability to discover any available legal resources at ADC was hampered by his emotional problems, language difficulties, and "borderline intellectual capacity." (Petr.'s Opp'n Summ. J. 15-16.) In support of this assertion, Ocon-Parada directs the Court to his July 2006 psychological evaluation, which was attached as an exhibit to his state habeas proceedings. (State Habeas Pet. Ex. 5.) The evaluation belies Ocon-Parada's assertion that he was so intellectually or emotionally impaired as to be incapable of discovering the existence of the ADC law library. Specifically, in his summary, the

In any event, Ocon-Parada is not entitled to equitable tolling because he fails to demonstrate, as he must, that he has been pursuing his rights diligently. *Holland*, 2010 WL 2346549, at *12. In order to make the requisite showing of diligence the petitioner "must allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang*, 525 F.3d at 930 (*citing Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)); *accord Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir.), *opinion modified on reh'g*, 459 F.3d 1310 (11th Cir. 2006).[19] Here, Ocon-Parada has failed to specify any efforts he made to pursue his grounds for habeas relief in the year or so immediately following his conviction. Indeed, Ocon-Parada's ignorance of the existence of the ADC law library indicates his lack of diligence. Ocon-Parada fails to demonstrate entitlement to equitable tolling of the statute of limitations. His § 2254 petition is barred by the statute of limitations and will be DISMISSED.

---

evaluator states:

> Mr. Ocon demonstrated Average range cognitive skills, indicating adequate intelligence. He demonstrated commensurate academic skills that ranged to the High Average range. His lower scores were the result of the limitations of his ninth grade education and of the U.S. notation used for mathematics problems. I have no concerns about his cognitive abilities. He has functional academic skills in Spanish and has demonstrated himself to be self-sufficient.

(State Habeas Pet. Ex. 5, 8.)

[19] For example, in *Yang*, the petitioner was an inmate of Vietnamese descent who claimed that, *inter alia*, his limited skills in English and unfamiliarity with the law effectively prevented him from filing a timely habeas petition. *Yang*, 525 F.3d 928-29. The United States Court of Appeals for the Tenth Circuit concluded that petitioner was not entitled to equitable tolling because: "He has not set forth what actions he pursued to secure assistance with his language barrier inside or outside prison boundaries. His conclusory statement that he 'diligently pursued his rights and remedies' will not suffice." *Id.* at 930.

## IV. Conclusion

For the foregoing reasons, the Court will GRANT Respondent's motion for summary judgment (Docket No. 23). The petition for a writ of habeas corpus (Docket No. 1) will DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Ocon-Parada is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: 7-23-10
Richmond, Virginia

19